1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11   STEVEN S. CRAIG,                    )    NO. CV 15-5866-E
                                         )
12                 Plaintiff,            )
                                         )
13        v.                             )    **MEMORANDUM OPINION**
                                         )
14   CAROLYN W. COLVIN, Acting           )    **AND ORDER OF REMAND**
     Commissioner of Social Security,    )
15                                       )
                   Defendant.            )
16   _____)

17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied, and this matter is remanded for further

21   administrative action consistent with this Opinion.

22

23                            **PROCEEDINGS**

24

25        Plaintiff filed a complaint on August 4, 2015, seeking review of

26   the Commissioner's denial of benefits.  The parties consented to

27   proceed before a United States Magistrate Judge on September 15, 2015.

28   Plaintiff filed a motion for summary judgment on February 2, 2016.

Defendant filed a motion for summary judgment on March 1, 2016.  The
Court has taken the motions under submission without oral argument.
See L.R. 7-15; "Order," filed August 6, 2015.


**BACKGROUND**


Plaintiff, a former clerk, operations manager and customer
services representative, asserts disability based principally on
alleged mental problems (Administrative Record ("A.R.") 27, 53-56,
213, 311).  The Administrative Law Judge found Plaintiff suffers from
severe mental impairments, including attention deficit disorder, major
depression, dysthymia, generalized anxiety disorder and an avoidant
personality disorder (A.R. 18).  The ALJ found that these impairments
limit Plaintiff's functionality in several significant respects (A.R.
18-27).  The ALJ stated, inter alia, that "[w]ith regard to
concentration, persistence or pace, the claimant has moderate
difficulties" (A.R. 19).


The ALJ found that Plaintiff's impairments preclude the
performance of any of Plaintiff's past relevant work (A.R. 27).  To
determine whether there exist any other jobs Plaintiff can perform,
the ALJ consulted a vocational expert (A.R. 84-90).  The ALJ posed a
hypothetical question to the vocational expert which assumed that
"[m]entally, this hypothetical individual retains the ability to
understand, remember, and carry out short, simple instructions . . .
and make judgements [sic] on simple related decisions" (A.R. 84).  The
hypothetical question did not expressly assume moderate difficulties
regarding concentration, persistence or pace.  The ALJ relied on the

1 vocational expert's answers to the hypothetical question to identify
2 jobs Plaintiff assertedly can perform (A.R. 28-29).  The Appeals
3 Council denied review (A.R. 1-3).

4

5                          **STANDARD OF REVIEW**

6

7      Under 42 U.S.C. section 405(g), this Court reviews the
8 Administration's decision to determine if: (1) the Administration's
9 findings are supported by substantial evidence; and (2) the
10 Administration used correct legal standards.  See Carmickle v.
11 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
12 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,
13 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such
14 relevant evidence as a reasonable mind might accept as adequate to
15 support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401
16 (1971) (citation and quotations omitted); see also Widmark v.
17 Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

18

19                             **DISCUSSION**

20

21      "After a claimant satisfies his initial burden of showing that a
22 physical or mental impairment prevents him from performing his
23 previous work, the burden shifts to the [Administration] to show that
24 the claimant has the capacity to perform other work and that such
25 other work exists in the national economy."  Stone v. Heckler, 761
26 F.2d 530, 532 (9th Cir. 1985).  Where, as here, a claimant's non-
27 exertional impairments significantly limit his or her range of work
28 "the grids do not apply, and the testimony of a vocational expert is

required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999); Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. See, e.g., DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); see also Social Security Ruling 96-8p (in assessing residual functional capacity, the ALJ must consider all limitations imposed by all impairments, even non-severe impairments; "the limitations due to such a 'not severe' single impairment may prevent an individual from performing past relevant work . . ."); 20 C.F.R. § 404.1545(e) ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"); accord Carmickle v. Commissioner, 533 F.3d at 1164.

In the present case, it is uncertain whether the hypothetical question on which the ALJ relied included all of Plaintiff's work-related impairments.  The ALJ expressly found Plaintiff has moderate limitations in concentration, persistence or pace.  The ALJ may have attempted to account for these limitations by referencing an "ability to understand, remember, and carry out short, simple instructions . . . make judgements [sic] on single related decisions" (A.R. 84; emphasis added).  In arguing the sufficiency of these references,

1    Defendant appears to rely on <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169

2    (9th Cir. 2008) ("<u>Stubbs</u>").

3

4         In <u>Stubbs</u>, the Ninth Circuit rejected the claimant's contention

5    that a restriction to "simple, routine, repetitive sedentary work,

6    requiring no interaction with the public" failed to capture certain

7    moderate and mild mental limitations identified by a Dr. McCollum and

8    a Dr. Eather.  <u>Id.</u> at 1173-74.  The <u>Stubbs</u> Court observed:

9

10        Dr. McCollum did not assess whether [the claimant] could

11        perform unskilled work on a sustained basis.  Dr. Eather's

12        report did.  Dr. Eather's report, which also identified "a

13        slow pace, both in thinking & actions" and several moderate

14        limitations in other mental areas, ultimately concluded [the

15        claimant] retained the ability to "carry out simple

16        tasks. . . ."

17

18        The ALJ translated [the claimant's] condition, including the

19        pace and mental limitations, into the only concrete

20        restrictions available to him – Dr. Eather's recommended

21        restriction to "simple tasks" . . . [A]n ALJ's assessment of

22        a claimant adequately captures restrictions related to

23        concentration, persistence, or pace where the assessment is

24        consistent with restrictions identified in the medical

25        testimony.  <u>Id.</u>

26

27        The present case is distinguishable from <u>Stubbs</u>.  In the present

28    case, unlike <u>Stubbs</u>, no doctor opined Plaintiff retains the capacity

                                        5

to perform "simple" work notwithstanding the doctor's imposition of moderate limitations in the relevant mental areas.  Defendant appears to argue that Dr. Rosa Colonna did so, but Dr. Colonna characterized Plaintiff's "attention and concentration span" as only "mildly" (not moderately) diminished (A.R. 426).  Further, neither Dr. Colonna nor any other doctor stated that Plaintiff has moderate difficulties in maintaining persistence or pace.  Courts, including the Ninth Circuit, have recognized that Stubbs does not control where the medical evidence fails to establish that the claimant can perform "simple" work notwithstanding moderate limitations in the relevant areas of mental functioning.  See Brink v. Commissioner, 343 Fed. App'x 211, 212 (9th Cir. Aug. 18, 2009); Catalan v. Colvin, 2016 WL 590206, at *7 (C.D. Cal. Feb. 10, 2016); Willard v. Colvin, 2016 WL 237068, at *3 (C.D. Cal. Jan. 20, 2016); Feltis v. Astrue, 2012 WL 2684994, at *4 (E.D. Cal. July 6, 2012); Lim v. Astrue, 2011 WL 3813100, at *7 (E.D. Cal. Aug. 29, 2011); Bentancourt v. Astrue, 2010 WL 4916604, at *3 (C.D. Cal. Nov. 27, 2010).

        In view of these authorities, this Court is unable to conclude that substantial evidence supports the proposition that a restriction to "simple" work adequately accounted for the moderate limitations in "concentration, persistence or pace" the ALJ found to exist.  The ALJ erred in relying on vocational expert testimony given in response to an incomplete hypothetical question.

        The Court is also unable to conclude that the ALJ's errors were harmless.  "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination."  Molina v. Astrue, 674

F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted);
see <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1105 (9th Cir. 2014)
("Where, as in this case, an ALJ makes a legal error, but the record
is uncertain and ambiguous, the proper approach is to remand the case
to the agency"); <u>cf.</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir.
2011) (error not harmless where "the reviewing court can determine
from the 'circumstances of the case' that further administrative
review is needed to determine whether there was prejudice from the
error").

The circumstances of this case warrant remand for further
administrative proceedings, which could remedy the ALJ's errors.  <u>See</u>
<u>McLeod v. Astrue</u>, 640 F.3d at 888; <u>see also</u> <u>INS v. Ventura</u>, 537 U.S.
12, 16 (2002) (upon reversal of an administrative determination, the
proper course is remand for additional agency investigation or
explanation, except in rare circumstances); <u>Dominguez v. Colvin</u>, 808
F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes
that further administrative proceedings would serve no useful purpose,
it may not remand with a direction to provide benefits"); <u>Treichler v.</u>
<u>Commissioner</u>, 775 F.3d at 1101 n.5 (remand for further administrative
proceedings is the proper remedy "in all but the rarest cases").

///

///

///

///

///

///

///

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 15, 2016.


/S/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014).